John R. Edwards (State Bar No. 244310)
john.edwards@kirkland.com
Brian W. Lee (State Bar No. 255363)
brian.lee@kirkland.com
Mark D. Fahey (State Bar No. 294551)
mark.fahey@kirkland.com
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 859-7000 (tel)
(650) 859-7500 (fax)

Russell E. Levine, P.C. (*to be admitted* p*ro hac vice*)
rlevine@kirkland.com
Paul D. Collier (*to be admitted pro hac vice*)
pcollier@kirkland.com
James B. Medek (*to be admitted pro hac vice*)
jmedek@kirkland.com
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL 60654
(312) 862-2000 (tel)
(312) 862-2200 (fax)

Attorneys for Plaintiffs
OpenTV, Inc. and Nagra France SAS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OPENTV, INC. and NAGRA FRANCE SAS,** | |
| **Plaintiffs,** | |
| **v.** | **Case No.: 3:14-cv-01723** |
| **NETFLIX, INC.** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **Defendant.** | **DEMAND FOR JURY TRIAL** |

**THE PARTIES**

1.      This patent infringement action is being filed by OpenTV, Inc. ("OpenTV"), a U.S. subsidiary company of Kudelski S.A.; and Nagra France SAS ("Nagra France"), a French subsidiary company of Kudelski S.A.  Kudelski S.A. and its subsidiaries, including Plaintiffs OpenTV and Nagra France, make up the various companies of The Kudelski Group.

2.      Plaintiff OpenTV is a Delaware corporation whose principal place of business in the United States is located in San Francisco, California.  From its inception, OpenTV has been dedicated to developing and commercializing cutting-edge, patented technology required for the delivery of television and other media content to consumers through cable, satellite, and terrestrial networks, and other managed and unmanaged networks.  OpenTV's delivery development includes the development of Over-the-Top ("OTT") delivery of content (such as movies, television, and other media) to consumers over the Internet.

3.      Plaintiff Nagra France is a French corporation with a principal place of business in Paris, France.  Nagra France's main focus is on providing conditional access solutions for digital TV operators and content providers around the world.  In particular, Nagra France engages in the development and marketing of the Mediaguard conditional access system.  Nagra France has more than 400 issued patents and pending applications covering various aspects of its innovative conditional access solutions.

4.      Defendant Netflix is a Delaware corporation with a principal place of business in Los Gatos, California.  Netflix is an OTT provider allowing subscribers to locate, access, secure, and playback content such as movies and television shows over the Internet for a subscription fee.

**JURISDICTION AND VENUE**

5.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1338(a).

6.      This Court has personal jurisdiction over Netflix because Netflix's principal place of business is in this District and it has committed, contributed to, and induced acts of patent infringement and has regularly and systematically conducted and solicited business in this District by and through its OTT content streaming service.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Netflix is subject to personal jurisdiction in this District and therefore resides in this District.

### THE PATENTS INFRINGED BY NETFLIX

8.      OpenTV and Nagra France assert that Netflix willfully infringes the following four U.S. Patents (the "Asserted Patents"):

- 7,305,691 entitled "System and Method for Providing Target Programming Outside of the Home" ("the '691 Patent") (Exhibit A hereto);
- 7,644,429 entitled "Broadcast and Reception, and Conditional Access System Therefor" ("the '429 Patent") (Exhibit B hereto);
- 8,332,268 entitled "Method and System for Scheduling Online Content Delivery" ("the '268 Patent") (Exhibit C hereto);
- 8,621,541 entitled "Enhanced Video Programming System and Method Utilizing User-Profile Information" ("the '541 Patent") (Exhibit D hereto);

**A.      U.S. Patent No. 7,305,691**

9.      OpenTV is the owner by assignment of all rights, title, and interest in the '691 Patent.

10.     The '691 Patent generally relates, among other things, to the utilization of user-profile information to select and provide program content to users.

11.     Netflix infringes the '691 Patent through at least the recommendation engine functionality used in its on-demand video streaming service.

12.     OpenTV has been damaged and suffered irreparable harm as a result of Netflix's infringement of the '691 Patent, and seeks damages in an amount adequate to compensate OpenTV for Netflix's infringement, increased damages for willful infringement, a permanent injunction barring Netflix from continuing to infringe the '691 Patent, and attorneys' fees and costs associated with this action.

**B.      U.S. Patent No. 7,644,429**

13.     Nagra France is the owner by assignment of all rights, title, and interest in the '429 Patent.

14. The '429 Patent generally relates, among other things, to the system infrastructure for providing a content delivery service to subscribers.

15. Netflix infringes the '429 Patent through at least the design and use of its Netflix service platform infrastructure to provide subscriber authorization functionality in its on-demand video streaming service.

16. Nagra France has been damaged and suffered irreparable harm as a result of Netflix's infringement of the '429 Patent, and seeks damages in an amount adequate to compensate Nagra France for Netflix's infringement, increased damages for willful infringement, a permanent injunction barring Netflix from continuing to infringe the '429 Patent, and attorneys' fees and costs associated with this action.

**C.   U.S. Patent No. 8,332,268**

17. OpenTV is the owner by assignment of all rights, title, and interest in the '268 Patent.

18. The '268 Patent generally relates, among other things, to the selection and delivery of digital content to online users.

19. Netflix infringes the '268 Patent through at least the recommendation engine functionality used in its on-demand video streaming service.

20. OpenTV has been damaged and suffered irreparable harm as a result of Netflix's infringement of the '268 Patent, and seeks damages in an amount adequate to compensate OpenTV for Netflix's infringement, increased damages for willful infringement, a permanent injunction barring Netflix from continuing to infringe the '268 Patent, and attorneys' fees and costs associated with this action.

**D.   U.S. Patent No. 8,621,541**

21. OpenTV is the owner by assignment of all rights, title, and interest in the '541 Patent.

22. The '541 Patent generally relates, among other things, to the utilization of user-profile information to provide recommendations for content to a viewer of video programming.

23. Netflix infringes the '541 Patent through at least through its deployment of the recommendation engine functionality used in its on-demand video streaming service.

24. OpenTV has been damaged and suffered irreparable harm as a result of Netflix's infringement of the '541 Patent, and seeks damages in an amount adequate to compensate OpenTV for Netflix's infringement, increased damages for willful infringement, a permanent injunction barring Netflix from continuing to infringe the '541 Patent, and attorneys' fees and costs associated with this action.

**NETFLIX'S WILLFUL INFRINGEMENT**

25. Netflix is aware that The Kudelski Group, including subsidiaries OpenTV and Nagra France, have patents relevant to Netflix's operations.

26. On December 15, 2011, OpenTV wrote to Reed Hastings, CEO of Netflix, and notified him of the existence of The Kudelski Group patent portfolio generally. OpenTV explained that its technology may be relevant to several aspects of Netflix's services, and invited Mr. Hastings to contact OpenTV to discuss the matter further.

27. Mr. Hastings did not contact OpenTV to discuss the matter further.

28. No one at Netflix responded, via telephone or in writing, to OpenTV's December 15, 2011 letter.

29. On January 13, 2012, after receiving no response to its initial letter, OpenTV sent another letter to Mr. Hastings.

30. OpenTV's January 13, 2012 letter to Mr. Hastings discussed certain patents in light of Netflix's interactive video interface.

31. During the following months, OpenTV personnel attempted to contact the CEO and General Counsel of Netflix to discuss its request for a meeting but were met with silence.

32. In May 2012, Joe Chernesky, Senior Vice President, Intellectual Property, contacted Netflix's Associate General Counsel, Technology and Transactions, requesting a meeting to discuss licensing patents held by The Kudelski Group, as requested in the December and January letters.

33. After several additional attempts, Netflix's Associate General Counsel, Technology and Transactions, finally responded in late June 2012 via e-mail, stating that Netflix is not inclined to meet with The Kudelski Group.

34.     In a detailed e-mail dated June 26, 2012, Mr. Chernesky reiterated the relevance of The Kudelski Group companies' patent portfolio to Netflix, including OpenTV and Nagra France patents, and expressed a willingness to engage in formal, good faith, licensing discussions with Netflix about a portfolio license.

35.     After much delay, on July 16, 2012, Netflix finally agreed to meet in person at Netflix's headquarters in Los Gatos, California on September 28, 2012.  The Associate General Counsel, Technology and Transactions, and one other Netflix attorney were present at the meeting.  The Kudelski Group was represented at the meeting by Joe Chernesky and William Goldman, Vice President, Intellectual Property.  Messrs. Chernesky and Goldman presented an overview of The Kudelski Group's history of innovation, identified a number of patents relevant to Netflix's OTT service, including a mapping of the Asserted Patents in force as of September 2012 to a representative OTT platform, such as that implemented by Netflix, and discussed the potential framework for a patent license.

36.     On October 19, 2012, Netflix's Associate General Counsel, Technology and Transactions, replied by e-mail that Netflix may be interested in "going through a set of" The Kudelski Group companies' patents.  Following a brief phone call, on November 7, 2012, The Kudelski Group provided a draft non-disclosure agreement to Netflix to govern subsequent discussions between the companies.

37.     Netflix never responded to the November 7 e-mail or subsequent e-mails from The Kudelski Group.

38.     On December 19, 2012, OpenTV filed a lawsuit in the District of Delaware, asserting that Netflix willfully infringes seven U.S. Patents held by OpenTV that relate to OTT delivery:  U.S. Patent Nos. 6,018,768; 6,233,736; 7,055,169; 7,409,437; 7,490,346; 7,949,722; and 8,107,786.

39.     In a January 29, 2013, Form 8-K filing with the United States Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, as well as in other filings with the Securities and Exchange Commission, Netflix admits that "[m]any companies are devoting significant resources to developing patents that could potentially affect many aspects of our business."  But Netflix also states in those filings that, despite objectively knowing of the existence of patents that affect its business, "[w]e have not searched patents relative to our technology."

40.     Subsequently, on October 1, 2013, after months of continued non-engagement by Netflix regarding The Kudelski Group's relevant patent portfolio, OpenTV filed two lawsuits in the Netherlands shortly after Netflix formally entered the Netherlands market, asserting that Netflix infringes two European patents held by OpenTV in the Netherlands that relate to OTT delivery:  EP 0885525 B2 and EP 0879534 B1.

41.     Netflix does not have a license to any of the Asserted Patents.

42.     Despite having notice of The Kudelski Group patent portfolio, including specific notice of certain Asserted Patents since at least September 2012, Netflix has continued its infringement.

43.     Netflix's failure to compensate OpenTV and Nagra France for Netflix's ongoing patent infringement is part of a deliberate effort by Netflix to ignore the intellectual property rights of its competitors, even when made aware of specific patents infringed by Netflix.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,305,691

44.     OpenTV incorporates by reference into this Count I paragraphs 1 through 43.

45.     Pursuant to 35 U.S.C. § 284, the '691 Patent is presumed valid.

46.     Pursuant to 35 U.S.C. § 271(a), Netflix has infringed and continues to directly infringe, by making, using, selling, offering for sale, and/or importing into the United States, without authority, products, equipment, software and/or services that practice one or more claims of the '691 Patent, including without limitation client software to be installed and executed on one or more connected devices of its subscribers in order to provide recommendation engine functionality to its subscribers.

47.     Netflix induces third-parties, including Netflix subscribers, to infringe the '691 Patent in violation of 35 U.S.C. §271(b) by encouraging and facilitating them to perform actions that Netflix knows to be, or is willfully blind to the fact that the induced actions constitute, acts of infringement of the '691 Patent.  Upon information and belief, Netflix knows or is willfully blind to the fact that the use of client software to be installed and executed on one or more connected devices of its subscribers in conjunction with Netflix's recommendation engine functionality in order to provide targeted content to its subscribers on their registered mobile devices constitutes infringement of the '691 Patent.  Upon information and belief, Netflix publishes specifications and promotional literature encouraging its subscribers to use its client software on registered mobile devices in ways that cause the subscribers to

1   receive targeted content from Netflix's on-demand streaming video service.[1]  Netflix, in conjunction

2   with its subscribers, then directly or jointly infringe the '691 Patent.

3          48.    Netflix also contributes to the infringement of the '691 Patent in violation of 35 U.S.C.

4   §271(c).  Netflix has contributed to, and continues to contribute, to infringement of the '691 Patent by

5   making, using, selling, offering to sell and/or importing client software to be installed and executed on

6   one or more connected devices of its subscribers in conjunction with Netflix's recommendation engine

7   functionality in order to provide targeted content to its subscribers on their registered mobile devices

8   with knowledge or willful blindness to the fact that use of that client software by Netflix subscribers in

9   conjunction with Netflix's own computer processes would infringe the '691 Patent, which client

10  software and computer processes have been especially made for use in an infringement of the '691

11  Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

12         49.    Netflix knew of the '691 Patent prior to the filing of this action at least as a result of The

13  Kudelski Group's identification of the '691 Patent to Netflix at the September 28, 2012 meeting between

14  Netflix and The Kudelski Group, and at the very least by virtue of filing this Complaint, and despite this

15  knowledge continues to infringe.

16         50.    Netflix's infringement has been and continues to be willful.

17         51.    OpenTV has suffered and continues to suffer damages and irreparable harm as a result of

18  Netflix's past and ongoing infringement.

19         52.    Unless Netflix's infringement is enjoined, OpenTV will continue to be damaged and

20  irreparably harmed.

21         53.    OpenTV meets the criteria for, and is entitled to, a permanent injunction.

22         **COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,644,429**

23         54.    Nagra France incorporates by reference into this Count II paragraphs 1 through 43.

24         55.    Pursuant to 35 U.S.C. § 284, the '429 Patent is presumed valid.

25

26  _____

27  [1] For example, and without limitation, Netflix publishes online documentation at
    https://help.netflix.com/en/node/9898?catId=en%2F131 about "Netflix Taste Preferences &
    Recommendations" which encourages Netflix subscribers to personalize their movie and TV show
28  suggestions.

56. Pursuant to 35 U.S.C. § 271(a), Netflix has infringed and continues to directly infringe, by making, using, selling, offering for sale, and/or importing into the United States, without authority, products, equipment, software and/or services that practice one or more claims of the '429 Patent, including without limitation a content delivery infrastructure platform incorporating hardware systems and associated software operating in conjunction with client software to be installed and executed on one or more connected devices of its subscribers in order to provide subscriber authorization functionality to afford content access rights to its subscribers.

57. Netflix induces third-parties, including Netflix subscribers, to infringe the '429 Patent in violation of 35 U.S.C. §271(b) by encouraging and facilitating them to perform actions that Netflix knows to be, or is willfully blind to the fact that the induced actions constitute, acts of infringement of the '429 Patent. Upon information and belief, Netflix or is willfully blind to the fact that the use of client software to be installed and executed on one or more connected devices of its subscribers in conjunction with Netflix's content delivery infrastructure platform in order to provide subscriber authorization functionality to afford content access rights to its subscribers constitutes infringement of the '429 Patent. Upon information and belief, Netflix publishes specifications and promotional literature encouraging its subscribers to use its client software in ways that cause the subscribers to obtain content access rights from Netflix's content delivery infrastructure platform.[2] Netflix in conjunction with its subscribers then directly or jointly infringe the '429 Patent.

58. Netflix also contributes to the infringement of the '429 Patent in violation of 35 U.S.C. §271(c). Netflix has contributed to, and continues to contribute to, infringement of the '429 Patent by making, using, selling, offering to sell and/or importing client software to be installed and executed on one or more connected devices of its subscribers in conjunction with Netflix's content delivery infrastructure platform in order to provide subscriber authorization functionality to afford content access rights to its subscribers with knowledge or willful blindness to the fact that use of that client software by Netflix subscribers in conjunction with Netflix's own computer processes and content delivery

---

[2] For example, and without limitation, Netflix publishes online documentation at https://help.netflix.com/en/node/207 which encourages Netflix subscribers to enable certain content access rights features that allow subscribers to obtain content access rights from Netflix's content delivery infrastructure platform.

infrastructure platform would infringe the '429 patent, which client software and content delivery infrastructure platform has been especially made for use in an infringement of the '429 Patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

59.     Netflix knew of the '429 Patent prior to the filing of this action at least as a result of The Kudelski Group's identification of the '429 Patent to Netflix at the September 28, 2012 meeting between Netflix and The Kudelski Group, and at the very least by virtue of filing this Complaint, and despite this knowledge continues to infringe.

60.     Netflix's infringement has been and continues to be willful.

61.     Nagra France has suffered and continues to suffer damages and irreparable harm as a result of Netflix's past and ongoing infringement.

62.     Unless Netflix's infringement is enjoined, Nagra France will continue to be damaged and irreparably harmed.

63.     Nagra France meets the criteria for, and is entitled to, a permanent injunction.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 8,332,268

64.     OpenTV incorporates by reference into this Count III paragraphs 1 through 43.

65.     Pursuant to 35 U.S.C. § 284, the '268 Patent is presumed valid.

66.     Pursuant to 35 U.S.C. § 271(a), Netflix has infringed and continues to directly infringe, by making, using, selling, offering for sale, and/or importing into the United States, without authority, products, equipment, software and/or services that practice one or more claims of the '268 Patent, including without limitation client software to be installed and executed on one or more connected devices of its subscribers in order to enable recommendation engine functionality to its subscribers.

67.     Netflix has had knowledge of and notice of the '268 Patent and Netflix's infringement of the '268 Patent since at least, and through, the filing and service of this Complaint and despite this knowledge continues to infringe.

68.     Netflix's infringement has been and continues to be willful.

69.     OpenTV has suffered and continues to suffer damages and irreparable harm as a result of Netflix's past and ongoing infringement.

70.     Unless Netflix's infringement is enjoined, OpenTV will continue to be damaged and irreparably harmed.

71.     OpenTV meets the criteria for, and is entitled to, a permanent injunction.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 8,621,541

72.     OpenTV incorporates by reference into this Count IV paragraphs 1 through 43.

73.     Pursuant to 35 U.S.C. § 284, the '541 Patent is presumed valid.

74.     Pursuant to 35 U.S.C. § 271(a), Netflix has infringed and continues to directly infringe, by making, using, selling, offering for sale, and/or importing into the United States, without authority, products, equipment, software and/or services that practice one or more claims of the '541 Patent, including without limitation client software to be installed and executed on one or more connected devices of its subscribers in order to provide recommendation engine functionality to its subscribers.

75.     Netflix has had knowledge of and notice of the '541 Patent and Netflix's infringement of the '541 Patent since at least, and through, the filing and service of this Complaint and despite this knowledge continues to infringe.

76.     Netflix's infringement has been and continues to be willful.

77.     OpenTV has suffered and continues to suffer damages and irreparable harm as a result of Netflix's past and ongoing infringement.

78.     Unless Netflix's infringement is enjoined, OpenTV will continue to be damaged and irreparably harmed.

79.     OpenTV meets the criteria for, and is entitled to, a permanent injunction.

### PRAYER FOR RELIEF

OpenTV and Nagra France respectfully ask that the Court enter judgment:

a.     finding that Netflix has infringed each of the Asserted Patents;

b.     awarding OpenTV and Nagra France damages adequate to compensate OpenTV and Nagra France for Netflix's infringement, but in no event less than a reasonable royalty;

c.     finding that Netflix's infringement of each of the Asserted Patents has been willful;

d.    awarding an accounting and supplemental damages for those acts of infringement committed by Netflix subsequent to the discovery cut-off date in this action through the date Final Judgment is entered;

e.    awarding OpenTV and Nagra France increased damages based on Netflix's willful infringement;

f.    finding that this case is exceptional;

g.    awarding OpenTV and Nagra France their attorneys' fees and costs, together with pre-judgment and post-judgment interest;

h.    permanently enjoining Netflix from further acts of infringement of the OpenTV and Nagra France patents; and

i.    awarding any other relief the Court deems to be just and proper.

**JURY DEMAND**

OpenTV and Nagra France demand a jury trial on all issues so triable.


DATED:  April 14, 2014                    Respectfully submitted,

                                          KIRKLAND & ELLIS LLP

                                          /s/ *John R. Edwards*
                                          John R. Edwards

                                          *Attorney for Plaintiffs*
                                          *OpenTV, Inc. and Nagra France SAS*