DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
LAURA E. MILLER (SBN 271713)
lmiller@durietangri.com
ZAC A. COX (SBN 283535)
zcox@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendant
NETFLIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENTV, INC. and NAGRA FRANCE SAS,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No. 3:14-cv-01723-RS<br><br>**DEFENDANT NETFLIX, INC.'S ANSWER TO PLAINTIFFS OPENTV, INC. AND NAGRA FRANCE SAS'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Ctrm: 3, 17th Floor<br>Judge: Honorable Richard Seeborg |

Defendant Netflix, Inc. ("Netflix"), by and through its undersigned counsel, hereby answers Plaintiffs' Complaint for Patent Infringement ("Complaint") filed April 14, 2014, as follows:

**PARTIES**

1. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies the allegations.

2. Netflix admits that OpenTV is a Delaware corporation whose principal place of business in the United States is located in San Francisco, California.  Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and on that basis denies the allegations.

3. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and on that basis denies the allegations.

4. Netflix admits that it is a Delaware corporation with a principal place of business in Los Gatos, California.  Netflix admits that it provides a subscription service that allows users to search for and watch video content over an Internet connection, and that parts of Netflix's service are sometimes described as an "over the top" service.  Netflix denies the remaining allegations of paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5. Netflix admits that Plaintiffs' purport to plead a cause of action that arises under the patent laws of the United States.  Netflix admits that this Court has subject matter jurisdiction over claims for infringement of United States patents pursuant to 28 U.S.C. §§ 1331, and 1338(a).  Netflix denies the remaining allegations of paragraph 5 of the Complaint.

6. Netflix admits that it is subject to personal jurisdiction in this Court.  Netflix admits that its principal place of business is in this District.  Netflix admits that it has conducted business in this District.  Netflix denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Netflix admits that it is subject to personal jurisdiction and resides in this District.  Netflix admits that this action may proceed in the present venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

Netflix denies the remaining allegations contained in paragraph 7 of the Complaint.

**THE PATENTS ALLEGEDLY INFRINGED BY NETFLIX**

8.      Netflix admits that the Complaint purports to allege willful infringement of U.S. Patent Nos. 7,305,691, 7,644,429, 8,332,268, and 8,621,541 (collectively, the "Asserted Patents"). Netflix admits that paragraph 8 of the Complaint accurately states the titles that appear on the faces of the Asserted Patents, with the exception that the title of U.S. Patent No. 7,305,691 is "System and Method for Providing Targeted Programming Outside of the Home." Netflix admits that Exhibits A through D of the Complaint appear to be copies of the Asserted Patents. Netflix denies the remaining allegations contained in paragraph 8 of the Complaint.

**A.      U.S. Patent No. 7,305,691**

9.      Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on that basis denies the allegations.

10.     Netflix admits that the '691 Patent states that it "relates to the automated selection of programming content based upon profiles of individual users or classes of users." Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and on that basis denies the allegations.

11.     Netflix denies the allegations contained in paragraph 11 of the Complaint.

12.     Netflix admits that the Complaint purports to seek the relief stated in paragraph 12 of the Complaint. Netflix denies the remaining allegations contained in paragraph 12 of the Complaint.

**B.      U.S. Patent No. 7,644,429**

13.     Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis denies the allegations.

14.     Netflix admits that the '429 Patent states that it "relates to a broadcast and reception system, in particular to a mass-market digital interactive satellite television system, and to a conditional access system therefor." Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and on that basis denies the

allegations.

15. Netflix denies the allegations contained in paragraph 15 of the Complaint.

16. Netflix admits that the Complaint purports to seek the relief stated in paragraph 16 of the Complaint.  Netflix denies the remaining allegations contained in paragraph 16 of the Complaint.

**C.     U.S. Patent No. 8,332,268**

17. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies the allegations.

18. Netflix admits that the '268 Patent states that it "relates generally to managing the delivery of content to online users and, more particularly, to a method and system for scheduling content delivery."  Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and on that basis denies the allegations.

19. Netflix denies the allegations contained in paragraph 19 of the Complaint.

20. Netflix admits that the Complaint purports to seek the relief stated in paragraph 20 of the Complaint.  Netflix denies the remaining allegations contained in paragraph 20 of the Complaint.

**D.     U.S. Patent No. 8,621,541**

21. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis denies the allegations.

22. Netflix denies the allegations contained in paragraph 22 of the Complaint.

23. Netflix denies the allegations contained in paragraph 23 of the Complaint.

24. Netflix admits that the Complaint purports to seek the relief stated in paragraph 24 of the Complaint.  Netflix denies the remaining allegations contained in paragraph 24 of the Complaint.

**NETFLIX'S ALLEGED WILLFUL INFRINGEMENT**

25. Netflix denies the allegations contained in paragraph 25 of the Complaint.

26. Netflix admits that a representative of OpenTV sent on June 26, 2012 a letter dated December 15, 2011 and addressed to Reed Hastings, CEO of Netflix, that purported to notify him of the existence of the OpenTV patent portfolio generally.  Netflix admits that the letter stated that OpenTV's patents "are directed to technologies that may be relevant to several aspects of Netflix's services," and

purported to invite Mr. Hastings to contact the OpenTV representative to discuss the matter further. Netflix lacks knowledge or information sufficient to form a belief about the truth of whether Netflix received the letter dated December 15, 2011 prior to June 26, 2012. Netflix denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Netflix admits that Mr. Hastings did not contact OpenTV to discuss the letter dated December 15, 2011. Netflix denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Netflix admits that no one at Netflix contacted OpenTV, via telephone or in writing, to discuss the letter dated December 15, 2011. Netflix denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Netflix admits that a representative of OpenTV sent on June 26, 2012 a letter dated January 13, 2012 and addressed to Mr. Hastings. Netflix lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 29 of the Complaint and on that basis denies the allegations.

30. Netflix admits that the letter dated January 13, 2012 stated that OpenTV's patents "include claims directed to technologies that may be relevant to Netflix's interactive video interface." Netflix denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis denies the allegations.

32. Netflix admits that in late May 2012 Joe Chernesky, Senior Vice President, Intellectual Property, sent an email to Netflix's Associated General Counsel, Technology and Transactions, requesting a meeting. Netflix denies the remaining allegations contained in paragraph 32 of the Complaint.

33. Netflix admits that Netflix's Associate General Counsel, Technology and Transactions, sent an email to Mr. Chernesky in late June 2012 stating that he was "handling a number of priority items and [was] not inclined to meet" with Mr. Chernesky. Netflix denies the remaining allegations contained in paragraph 33 of the Complaint.

///

34. Netflix admits that Mr. Chernesky sent an email dated June 26, 2012 to Netflix's Associate General Counsel, Technology and Transactions, that stated the Kudelski Group was "actively developing technologies within focus areas such as online streaming, mobile streaming and OTT that are highly relevant to a company like Netflix," and that the Kudelski Group was "willing to engage in formal, good faith licensing discussions" with Netflix.  Netflix denies the remaining allegations contained in paragraph 34 of the Complaint.

35. Netflix admits that on July 16, 2012, Netflix's Associate General Counsel, Technology and Transactions, agreed to meet in person with Mr. Chernesky at Netflix's headquarters in Los Gatos, California, and suggested they meet on September 28, 2012.  Netflix admits that the Associate General Counsel, Technology and Transactions, one other Netflix attorney, Mr. Chernesky, and William Goldman, Vice President, Intellectual Property of OpenTV, were present at the meeting.  Netflix denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Netflix admits that on October 19, 2012, Netflix's Associate General Counsel, Technology and Transactions, sent an email to Mr. Chernesky that stated that Netflix was "interested in going through a set of patents that [OpenTV] consider[ed] particularly relevant to [Netflix's] business." Netflix admits that following a phone call on November 2, 2012, a representative of OpenTV sent Netflix's Associate General Counsel Technology and Transactions, a draft non-disclosure agreement to Netflix to govern subsequent discussion between the companies on November 7, 2012.  Netflix denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Netflix admits that OpenTV filed the Complaint referenced in paragraph 38 before Netflix responded to the November 7 email.  Netflix denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Netflix admits that OpenTV filed a lawsuit against Netflix in the District of Delaware on December 19, 2012 purporting to allege willful infringement of U.S. Patent Nos. 6,018,768, 6,233,736, 7,055,169, 7,409,437, 7,490,346, 7,949,722, and 8,107,786.  Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and on that basis denies the allegations.

///

39. Netflix admits that in a January 29, 2013 Form 8-K filing with the United States Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, as well as in other filings with the Securities and Exchange Commission, Netflix stated that "[m]any companies are devoting significant resources to developing patents that could potentially affect many aspects of our business." Netflix admits that it also stated in those filings that "[w]e have not searched patents relative to our technology." Netflix denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Netflix admits that OpenTV filed two lawsuits in the Netherlands on October 1, 2013 purportedly alleging that Netflix infringes European Patents EP 0885525 B2 and EP 0879534 B1. Netflix admits that its streaming service has been available to subscribers in the Netherlands since September 2013. Netflix lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint and on that basis denies the allegations.

41. Netflix admits the allegations contained in paragraph 41 of the Complaint.

42. Netflix denies the allegations contained in paragraph 42 of the Complaint.

43. Netflix denies the allegations contained in paragraph 43 of the Complaint.

**COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 7,305,691**

44. This paragraph does not contain any allegations requiring a response.

45. Netflix denies the allegations contained in paragraph 45 of the Complaint.

46. Netflix denies the allegations contained in paragraph 46 of the Complaint.

47. Netflix denies the allegations contained in paragraph 47 of the Complaint.

48. Netflix denies the allegations contained in paragraph 48 of the Complaint.

49. Netflix admits that it has knowledge of the '691 Patent by virtue of the filing of the Complaint. Netflix denies the remaining allegations contained in paragraph 49 of the Complaint.

50. Netflix denies the allegations contained in paragraph 50 of the Complaint.

51. Netflix denies the allegations contained in paragraph 51 of the Complaint.

52. Netflix denies the allegations contained in paragraph 52 of the Complaint.

53. Netflix denies the allegations contained in paragraph 53 of the Complaint.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,644,429**

54. This paragraph does not contain any allegations requiring a response.

55. Netflix denies the allegations contained in paragraph 55 of the Complaint.

56. Netflix denies the allegations contained in paragraph 56 of the Complaint.

57. Netflix denies the allegations contained in paragraph 57 of the Complaint.

58. Netflix denies the allegations contained in paragraph 58 of the Complaint.

59. Netflix admits that it has knowledge of the '429 Patent by virtue of the filing of the Complaint. Netflix denies the remaining allegations contained in paragraph 59 of the Complaint.

60. Netflix denies the allegations contained in paragraph 60 of the Complaint.

61. Netflix denies the allegations contained in paragraph 61 of the Complaint.

62. Netflix denies the allegations contained in paragraph 62 of the Complaint.

63. Netflix denies the allegations contained in paragraph 63 of the Complaint.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,332,268**

64. This paragraph does not contain any allegations requiring a response.

65. Netflix denies the allegations contained in paragraph 65 of the Complaint.

66. Netflix denies the allegations contained in paragraph 66 of the Complaint.

67. Netflix admits that it has knowledge of the '268 Patent by virtue of the filing of the Complaint. Netflix denies the remaining allegations contained in paragraph 67 of the Complaint.

68. Netflix denies the allegations contained in paragraph 68 of the Complaint.

69. Netflix denies the allegations contained in paragraph 69 of the Complaint.

70. Netflix denies the allegations contained in paragraph 70 of the Complaint.

71. Netflix denies the allegations contained in paragraph 71 of the Complaint.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,621,541**

72. This paragraph does not contain any allegations requiring a response.

73. Netflix denies the allegations contained in paragraph 73 of the Complaint.

74. Netflix denies the allegations contained in paragraph 74 of the Complaint.

75. Netflix admits that it has knowledge of the '541 Patent by virtue of the filing of the Complaint. Netflix denies the remaining allegations contained in paragraph 75 of the Complaint.

76. Netflix denies the allegations contained in paragraph 76 of the Complaint.

77. Netflix denies the allegations contained in paragraph 77 of the Complaint.

78. Netflix denies the allegations contained in paragraph 78 of the Complaint.

79. Netflix denies the allegations contained in paragraph 79 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

80. Netflix denies that Plaintiffs are entitled to any relief in any form whatsoever from Netflix and specifically denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief. Netflix denies the allegations contained in the Prayer for Relief.

## PLAINTIFFS' JURY DEMAND

81. Netflix admits that Plaintiffs demand a jury trial on all issues so triable.

## ADDITIONAL DEFENSES

Netflix asserts defenses as set forth below. By pleading these defenses, Netflix does not in any way agree or concede that Netflix has the burden of proof or persuasion on any of these issues.

### FIRST DEFENSE
(Non-infringement of the Asserted Patents)

82. Netflix has not infringed and does not infringe any valid claim of the Asserted Patents.

### SECOND DEFENSE
(Invalidity of the Asserted Patents)

83. The claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States code including, but not limited to, Sections 101, 102, 103, and 112.

### THIRD DEFENSE
(Failure to Provide Notice)

84. Plaintiffs' patent claims are barred in whole or in part by their failure to provide adequate notice under 35 U.S.C. § 287.

///

///

## FOURTH DEFENSE
(Prior Art Estoppel)

85. Plaintiffs' requested relief is barred in whole or in part by the doctrine of prior art estoppel.

## FIFTH DEFENSE
(Laches)

86. Plaintiffs' requested relief is barred in whole or in part by the doctrine of laches.

## SIXTH DEFENSE
(Prosecution History Estoppel)

87. Plaintiffs' requested relief is barred in whole or in part by the doctrine of prosecution history estoppel.

## SEVENTH DEFENSE
(Time Limitation on Damages)

88. The relief Plaintiffs' seek is barred in whole or in part by the time limitation on damages set forth in 35 U.S.C. § 286.

## REQUEST FOR RELIEF

WHEREFORE Netflix requests the following relief:

    a.    A judgment that Plaintiffs recover nothing by their Complaint;

    b.    A judgment that Plaintiffs' Complaint be dismissed with prejudice and that each request for relief therein be denied;

    c.    A judgment that Netflix has not willfully, recklessly or otherwise infringed the Asserted Patents and is not infringing the Asserted Patents;

    d.    A judgment that the Asserted Patents, and all claims thereof, are invalid;

    e.    A judgment declaring this case exceptional under 35 U.S.C. § 285, and for an award of attorneys' fees, costs, and expenses; and

    f.    Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Netflix hereby demands a jury trial on all issues so triable.

Dated: May 13, 2014                           DURIE TANGRI LLP

                                    By:        */s/ Laura E. Miller*
                                              LAURA E. MILLER

                                    Attorneys for Defendant
                                    NETFLIX, INC.

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on May 13, 2014 with a copy of this document via the Court's CM/ECF system.

>                                                      */s/ Laura E. Miller*
>                                                         Laura E. Miller